UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 07-132 (JR) |
| : | |
| JARVIS ANTHONY LEE, : | |
| : | |
| Defendant. : | |

## SENTENCING MEMORANDUM

On June 13, 2007, Mr. Jarvis Lee, the defendant, pled guilty to a one count Information charging him with Unlawful Distribution of 50 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  He will appear before this Honorable Court for sentencing on August 27, 2007.  Mr. Lee, through undersigned counsel, respectfully submits the following information for the Court's consideration in determining a fair and just sentence.

## BACKGROUND

On March 15, 2007, Mr. Lee was arrested after selling approximately sixty grams of cocaine base to an undercover police officer.  Prior to that date, Mr. Lee had sold cocaine base to that same undercover police officer on three prior occasions - February 22, 2007; February 27, 2007; and March 7, 2007.  As a result of these four transactions, Mr. Lee is accountable for 157.6 grams of cocaine base and twenty pills of MDMA.  In addition, on January 3, 2007, Mr. Lee was arrested for an unrelated offense whereby the search of his person revealed 5.4 grams of cocaine base and .96 grams of marijuana.

On June 13, 2007, Mr. Lee pled guilty to a once count Information filed in this case pursuant to a written plea agreement.  Under the terms of the plea agreement, the parties agreed

that Mr. Lee is accountable for at least 150 grams of cocaine base but less than 500 grams of cocaine base, and 20 pills of MDMA. The parties further agreed that a three point reduction would apply pursuant to U.S.S.G. § 3E1.1(a) and (b). The plea agreement also contemplated that Mr. Lee was likely "safety valve" eligible which would allow for an exception to the ten-year mandatory minimum applicable in this case.

According to the Pre-Sentence Report (PSR), the applicable base offense level is 34, with a three point reduction for acceptance of responsibility, pursuant to §3E1.1, thereby resulting in a total offense level of 31. See PSR, ¶ 18, 22, 24, 25, pg. 5. Unfortunately, however, Mr. Lee is not eligible for a "safety valve" reduction pursuant to U.S.S.G. § 5C1.2 in light of his criminal history category. According to the criminal history calculations, which is inconsistent with the parties understanding at the time of the plea, Mr. Lee is in Criminal History Category III. See PSR, ¶ 34, pg. 10. Therefore, based upon a Criminal History Category III and a total base offense level of 31, the guideline range of imprisonment is 135 to 168 months. See PSR, ¶ 76, pg. 16.

Had Mr. Lee been "safety valve" eligible pursuant to § 5C1.2, Mr. Lee's base offense level would have been reduced two levels. See U.S.S.G. § 2D1.1(b)(9). Therefore, his total offense level would have been 29 with a Criminal History Category I, thereby resulting in a range of imprisonment of 87 to 108 months. In addition, the plea agreement states that the government would not oppose Mr. Lee's request for a sentence of incarceration at the low end of the applicable sentencing guidelines range. See Plea Agreement, Agreement as to Sentencing Allocution, pg. 3. In conclusion, had Mr. Lee met the requirements for "safety valve" eligibility, the parties would have asked this Court to impose a sentence of 87 months incarceration. In light

of the PSR's calculated guideline of 135 to 168 months, and in accordance with the language of the plea agreement, it is likely that the government will now ask this Court to impose a term of 135 months imprisonment - **a forty eight month difference from what was originally contemplated between the parties**. (Emphasis added).

In light of the ill-contemplated sentencing guideline calculations in this case, Mr. Lee requests that he be sentenced to the mandatory minimum term of imprisonment required in this case of one hundred twenty months incarceration.

## ARGUMENT

Notwithstanding the agreements stated in the plea agreement, it should be noted, however, that the Guidelines are not mandatory, but merely advisory. The factors identified in 18 U.S.C. § 3553(a) support Mr. Lee's request that he be sentenced to one hundred twenty months - the mandatory minimum sentence in this case. The Court must consider the Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a). United States v. Booker, 543 U.S. 220, 260 (2005). These factors include: "The nature and circumstances of the offense and the history and characteristics of the defendant; . . . the kinds of sentences available; . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and . . . the need to provide restitution to any victims of the offense." 18 U.S.C. 3553(a). Pursuant to 18 U.S.C. § 3661,

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

After considering all of the factors set forth in § 3553(a), the Court must impose a

sentence "that reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." Id. at 765 (citing 18 U.S.C. § 3553(a)(2)). Section 3582 of Title 18 provides:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, **recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.** (Emphasis added).

With that limitation and considering all of the purposes of sentencing, the Court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph [(a)](2) [of § 3553]." 18 U.S.C. § 3553(a).

As the Supreme Court recently confirmed, courts are "no longer . . . tied to the sentencing range indicated in the Guidelines." Cunningham v. California, 127 S. Ct. 856, 867 (2007). Instead, courts are "obliged to 'take account of' that range along with the sentencing goals Congress enumerated in the [Sentencing Reform Act] at 18 U.S.C. § 3553(a)." Id. (quoting Booker, 543 U.S. at 259, 264); see also United States v. Pickett, 475 F.3d 1347, 1351 (D.C. Cir. 2007) ("The Court's remedial opinion [in Booker] required the district court to treat the Guidelines as advisory only and as simply one factor to be considered in sentencing.").

A review of all of the applicable factors set forth in § 3553(a) demonstrates that a sentence of ten years incarceration would be warranted in this matter, and that a sentence of imprisonment in excess of the applicable mandatory minimum in this case would be greater than necessary to meet the sentencing purposes set forth in § 3553(a).

I. **Disparitites between Penalties for Possession of Cocaine Base Versus Cocaine Powder Should Be Considered under § 3553(a)(1)**

This Court should "take into account the fact that the 100-to-1 ratio embedded in the Sentencing Guidelines for crack-to-powdered cocaine offenses bears no meaningful relationship to a defendant's culpability." United States v. Pickett, 475 F.3d 1347, 1356 (D.C. Cir. 2007) (J.Rodgers concurring) (noting court's decision "finally" holding that district courts may properly consider this factor).

As the United States Sentencing Commission has recognized, the cocaine base Guidelines do not effectuate the purposes of sentencing. "When it comes to the application of Guideline § 2D1.1 in crack cocaine cases, the Commission is one of its severest critics." Id. at 1353. In 2002, the Commission "bluntly" stated that it "'firmly and unanimously believes that the current federal cocaine sentencing policy is unjustified and fails to meet the sentencing objectives' in § 3553(a)." Id. at 1354. The crack cocaine Guidelines are unjustified and do not meet the objectives of § 3553 for numerous reasons, including: (1) the Guidelines lead "to anomalous results in which retail crack dealers get longer sentences than the wholesale drug distributors who supply them the powder cocaine from which their crack is produced;" (2) the 100-to-1 ratio "greatly overstates the relative harmfulness of crack cocaine;" (3) crack cocaine dealers who are responsible for relatively small quantities "receive especially disparate penalties in comparison to similar powder cocaine offenders;" (4) "all crack cocaine offenders [are treated] as if they committed [harmful conduct such as violence], even though most crack cocaine offenders in fact had not;" (5) "use of the 100-to-1 ratio and its quantity-based approach threatens public confidence in the federal courts because it has had a disproportionate impact on African-American offenders;" and (6) although "meant to promote uniformity in sentencing, not to

5

increase the length of sentences," the crack Guidelines increased sentences "far above" the sentences typically imposed prior to the Guidelines.  Id. (internal quotation marks and citations omitted).  As the D.C. Circuit found: "In terms of the sentencing factors of § 3553(a), the Commission thus believes that its Guideline for crack distributors generates sentences that are 'greater than necessary,' exaggerates 'the seriousness of the offense' of crack trafficking, does not 'promote respect for the law,' and does not 'provide just punishment for the offense.'" Id. (quoting 18 U.S.C. § 3553(a), (a)(2)(A)).

     Mr. Lee submits that sentencing him to the mandatory minimum penalty of one hundred twenty months incarceration does not diminish the seriousness of the offense of crack cocaine trafficking, but does promote respect for the law, and provides just punishment for the offense. In addition, it should be noted that the Commission has recently submitted amendments to Congress which will reduce the cocaine base Guidelines by two offense levels.  The Commission has offered this amendment as an "interim solution to some of the problems associated with the 100-to-1 drug quantity ratio." Amendments to the Sentencing Guidelines: May 11, 2007, pg. 67. Assuming that this amendment is not disapproved by Congress, the applicable base offense level to the amount of cocaine base in this case, would be 32.  Mr. Lee submits that his total offense level would be 29 after receiving a three point reduction for acceptance of responsibility. Therefore, based upon a total offense level of 29 and a criminal history category of III, the applicable guideline range would be 108 to 135 months incarceration. See PSR, ¶ 77, pg. 16.

     **II.**    **Factors of Mr. Lee that the Court Should Consider under § 3553(a)(1)**

          A.    *Nature of the Offense and Characteristics of the Defendant*

     While Mr. Lee committed a very serious crime, he has expressed regret and remorse for

his actions. Mr. Lee agreed to waive his right to file any pre-trial motions, and pled guilty in a timely fashion thereby saving scarce judicial resources.

As set forth in the PSR, Mr. Lee is a 23-year-old man who has been a life-long resident of the Washington, D.C. area. He dropped out of high school after completing his ninth grade year. He is eager to obtain his G.E.D. while in custody. Also, Mr. Lee is skilled in auto mechanics - he is hoping to pursue some vocational training within the Bureau of Prisons to add to his mechanic skills.

## **CONCLUSION**

In light of all of the arguments presented and such other reasons that may be discussed at the sentencing hearing in this matter, Mr. Lee respectfully submits that sentencing him to a term of one hundred twenty months of imprisonment is "sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, or effectively provide Mr. Lee with needed educational or vocational training and medical care." See 18 U.S.C. § 3553(a).

Respectfully submitted,

A.J. KRAMER
FEDERAL PUBLIC DEFENDER


_____/s/_____
Dani Jahn
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500