Copies to: Judge
AUSA – Special Proceedings
Dft.

In the United States District Court
for the District of Columbia

Jarvis Lee,
        Movant,

        Vs.                                    Case No.:07-0132-01(JR)

United States of America,
            Respondent.

**FILED**

**JUN 27 2008**

Clerk, U.S. District and
Bankruptcy Courts

MOTION FOR MODIFICATION OF SENTENCE
PURSUANT TO 18 U.S.C. §3582(c)(2)

        Now comes, Jarvis Lee, (hereinafter referred to as the
"movant") proceeding Pro-se, respectfully submit this motion for
modification of sentence pursuant to 18 U.S.C. §3582(c)(2),
wherein movant moved this Honorable Court to modify movant
sentence based on the retroactive application of Amendment 706.


STATEMENT OF JURISDICTION


        Since the instant motion involves the retroactive of
amendment to the United States Sentencing Guidelines, this court
therefore has jurisdiction to entertain the merits of the
instant motion pursuant to Title 18 U.S.C. §3582(c)(2), 28
U.S.C. §§ 1366, 88, and Article III of the United States

*Copies forwarded to
the Court, AUSA and
defendant on 7/10/08. MLP*

**RECEIVED**

**JUN 27 2008**

Clerk, U.S. District and
Bankruptcy Courts

Constitution.

## STANDARD OF REVIEW

This Honorable Court should hold this pro-se §3582(c)(2)
motion to less stringent standard of review and give a liberal
construction when examining legal argument and procedure
rule(s). See White v. White, 886 F.2d 721, 722-23 (4th Cir.
1989) (Pro se complaint "must" be held to less stringent
standards then pleading drafted by attorneys and must [be]
read... liberally").

## STATEMENT OF CASE

On August 17, 2007, movant plead guilty to distribution
crack cocaine, then on November 14, 2007, movant was sentenced
to 120 months imprisonment. Movant is now filing a pro se motion
for modification of his sentence pursuant to title 18 U.S.C.
§3582(c)(2), requesting that his sentence be reduce in light of
the 2007 amendment to U.S.S.G. §2D1.1, which modified the
calculating the quantity of crack cocaine to be used in
establishing the base offense level.

## DISCUSSION

Section 3582(c)(2) permits a district court to reduce a term

-2-

of imprisonment when it is base upon a sentencing range that has subsequently been lowered by an amendment to the Sentencing Guidelines, if such a reduction is consistent with the policy statement issued by the Sentencing Commission. See 18 U.S.C. §3582(c)(2)  The applicable policy statement is U.S.S.G. §1B1.10, Amendment 706 is designated for retroactive application.

Amendment 706 modified the method for calculating crack cocaine quantities for sentencing purposes under U.S.S.G. §2D1.1(c)as follows:

> This amendment modifies the drug quantity thresholds in the Drug Quantity Table so as to assign, for crack cocaine offenses, base offense level corresponding to guidelines ranges that include the statutory mandatory minimum penalties... Crack cocaine offenses for quantities above and below the mandatory minimum threshold quantities similarly are adjusted downward by two level.

> Having concluded once again that the 100-to-1 drug quantity ratio should be modified, the Commission recognizes that establishing federal cocaine sentencing policy ultimately is Congress's prerogative. Accordingly, the Commission tailored the amendment to fit within the existing statutory penalty scheme by assigning base offense levels that provide guideline ranges that include mandatory minimum penalties for crack cocaine offenses.

Under the former method, in which the 100-to-1 ratio was considered, movant offense level was based on 50 grams of crack

-3-

cocaine. This fact, together with 3 points decreased for acceptance of responsibility and movant criminal history category of III, called for a range of 108 to 135 months imprisonment. Under the new method, dealing with Amendment 706 movant sentencing range would be 87 to 108 months imprisonment.

A R G U M E N T

ISSUE: **WHETHER THE DISTRICT COURT SHOULD MODIFY MOVANT SENTENCE GIVEN THE SUBSTANTIAL CHANGE IN THE GUIDELINE RANGE FOR CRACK COCAINE UNDER THE NEW AMENTMENT.**

The decision whether to reduce a defendant sentence is in the sound discretion of the district judge. See United States v. Pirnat. 859 F.Supp. 995 (E.D. Va. 1994) Amendment 706 has the effect of reducing movant's net offense level from 29 to 27. Calculation of movant's pre-and-post-Amendment 706 imprisonment range is relatively straightforward. The applicable guideline for the crime of distribution 50 grams of crack cocaine, in violation of 21 U.S.C. §841(b)(1)(A), is U.S.S.G. §2D1.1(c), which is for offenses involving drugs, Section 2D1.1(c) contains the Drug Quantity Table, which ascertains the base offense level relative to the quantity of controlled substances involved in movant case. In movant case, movant drug quantity for crack cocaine was 50 grams. At the time of movant sentencing-prior to Amendment 706 the Drugs Quantity Table provided that a crime involving 50 grams

of crack cocaine has base offense level of 32. See U.S.S.G.
§2D1.1(c). At the time of movant sentence, his offense level for
the crack cocaine was 32, then movant was given 3 points
reduction for acceptance of responsibility under section 3E1.1
resulting in level 29, and movant's criminal history category was
III. A net offense level of 29 and a criminal history category of
III results in an sentencing range of 108 to 135 months. The
district court sentence movant to 120 months imprisonment, within
the appropriate range at the time of the original sentencing
determination.

Thus, upon application of Amendment 706, movant new net
offense level is 27, with the 3 points reduction from 3E1.1. A
net offense level of 27 and a criminal history category of III
yield an imprisonment range of 87 to 108 months. This Amendment
706 purpose is to resolve the disproportoinate and unjustifiable
disparities between crack and powder cocaine offense. An based on
the forgoing, movant asserts that his sentence should be reduced
from the 120 months sentence that he originally received to a
sentence between 87 to 108 months.

## C O N C L U S I O N

In sum, the United States Supreme Court in Kimbrough, 128
S.Ct. 566-69 (2007) and Gall, 128 S.Ct. 595-96 (2007), held that,

Judges can consider the unfairness of the 100 to 1 ratio between crack cocaine and powder cocaine sentence, and my impose a sentence below the crack guidelines in cases where the guideline sentence is too severe.

Wherefore, movant prays that this Honorable Court grant his 18 U.S.C. §3582(c)(2) motion to modify his sentence in light of the retroactive of Amendment 706.

Date: June    , 2008

Respectfully submitted,

*Jarvis Lee*

Jarvis Lee

Reg. No. 28926-016
FCI Fairton
Federal Correctional Institution
P. O. Box 420
Fairton, N.J. 08320

-6-

## CERTIFICATE OF SERVICE

I, Jarvis Lee, hereby certify that I have served a true and correct copy of the following:

**MOTION FOR MODIFICATION OF SENTENCE**

which is deemed file at the time it was delivered to prison authorities for forwarding to the court, Houston v. Lack, 101 L.Ed.2d 245 (1988), also see Lewis v. Richmond City Police Dept., 947 F.2d 733, 735 (1991), upon the court and parties to litigation, by placing same in a sealed, postage prepaid envelope addressed to:

        U.S. District Court              U.S. Attroney
        333 Constitution Ave, N.W.      555 4th. Street, N.W.
        Washington, D.C. 20004          Washington, D.C. 20004

and deposited same in the United States Postal Mail at F.C.I. Fairton, Fairton, New Jersey, on this   day of June 2008.

                            Jarvis Lee
                            Jarvis Lee

-7-